Albright v. Teas.

ANDREW ALBRIGHT and EDWIN R. CAHOONE

v.

ANDREW TEAS.

1. A non-patentable invention or improvement is not the subject of an exclusive right or property, but is common property, open to all the world.

2. A covenant by which the covenantor restrains himself, generally and absolutely, without limitation as to time or place, from exercising his skill and knowledge, is repugnant to public policy and void.

3. An injunction should never be granted in a doubtful case.

On hearing on bill and affidavits, and order to show cause and the affidavit of the defendant in answer.

*Mr. A. Q. Keasbey* and *Mr. Clayton*, for complainants.

*Mr. Philemon Woodruff*, for defendant.

VAN FLEET, V. C.

The complainants seek to have the defendant restrained from carrying on any business relative to saddletrees or coach-pads, founded, in any way, upon any improvements devised by him, or upon any ideas with respect to the manufacture of such articles, originating with him or derived from his knowledge and experience. They put their right to an injunction on the ground that the defendant has bound himself, not only to assign to them all his patents and patentable improvements, but to devote all his skill and knowledge to the business in which he and they are jointly interested; he in the royalties and percentages to be paid to him on articles manufactured by them under his patents, and they in the profits to be made in the use of his patents. The covenant on which this claim is founded, after providing that the defendant shall assign to the complainants all patents then held by him, and such as should thereafter be issued to him, reads as follows:

"And that whenever he shall invent any other improvements relating thereto, and for improvements in the construction of gig-saddles and coach-pads for harness, he will, without cost or the payment of any moneys to him, execute, or cause to be executed, all proper instruments in writing with which to procure letters patent therefor, and will fully execute and deliver assignments therefor, for such inventions, to the said Edwin R. Cahoone and Andrew Albright, to be held and enjoyed by them, their heirs and legal representatives and assigns."

By force of this covenant the complainants are entitled to all the defendant's patents and to all patentable improvements he may invent. So far, I think, its meaning is clear. As to non-patentable improvements, I think the legal effect of the covenant is equally certain. They are not the subject of an exclusive right or property, but are common property, open to all the world, and the complainants have the same right now to use them that they would have, had they been formally assigned to them. An assignment would add nothing to their right nor exclude others from the exercise of the same right.

But the complainants contend that the court, in trying to ascertain the meaning of this covenant, should have regard to the relations of the parties and the object they had in view in making the contract, and they insist that if it is read in this way, it will be seen that there was a mutual understanding that the defendant should, for all the future, devote all his skill and knowledge exclusively to the business in which he and they were jointly interested, and not engage in any business which might bring him in competition or rivalry with them. It is certain that no such understanding or purpose is plainly expressed; on the contrary, I think it is quite clear that the thing which was in the minds of the parties, and which the one expected to get and the other intended to give, was patentable inventions or improvements, for it will be observed that the covenant plainly declares that the first thing the defendant shall do, after inventing an improvement, is to execute " all proper instruments in writing with which to procure letters patent," and he then, by the sentence immediately following, binds himself to execute and deliver assignments to the complainants *for such inventions.* Manifestly, the improvements which were in the minds of the parties

Albright *v.* Teas.

were such, and such only, as could be called inventions and were patentable. It is difficult for me to see how, in the face of this language, the covenant can be construed to embrace anything but patentable improvements. The bill does not aver, nor is there anything in the case to show, that the improvement which the defendant claims to have made, and which the complainants seek to have him prohibited from making and selling, is patentable. The defendant swears that it is not, and I suppose his oath in that regard must forever preclude him from making a successful application for a patent.

Moreover, if the covenant would bear the construction which the complainants put upon it, I think it is quite obvious, unless the parties stand to each other in the relation of copartners, that its violation cannot be made the basis of judicial restraint. If they are right, the defendant has restrained himself, generally and absolutely, without limitation as to time or place, from exercising his talents and skill in making gig-saddles and coach-pads. According to the uniform course of decision, such a contract is void, on account of its repugnancy to public policy. It prevents competition, and thus enhances prices, and exposes the public to all the evils of monopoly. *Alger* v. *Thacher, 19 Pick. 51; Kerr on Inj. 507.*

There is nothing in the contract which will warrant the court in declaring that the parties are copartners, nor can it be justly said that their relations so nearly approach those of persons standing in that relation, that they should be held, as between themselves, subject to the duties and obligations of copartners.

As a general rule a suitor who asks for an injunction must show a clear right. An injunction should never be granted in a doubtful case. Looking at this case from the complainants' standpoint, and remembering that they ask to have the defendant enjoined from exercising his skill and knowledge in the prosecution of a lawful business, I think it is manifest, that their right is so extremely doubtful that an injunction should not go.

The complainants' application must be denied, with costs.